```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**DARYL A. HAMMER,**

                      **Petitioner,**

          **v.**                                       **CASE NO. 06-3086-RDR**

**COMMANDANT HARRISON,**

                      **Respondent.**

**O R D E R**

Petitioner, a prisoner incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas (USDB), proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Before the court is respondent's answer and return, or in the alternative, motion to dismiss the petition (Doc. 10). Also before the court is petitioner's motion for an extension of time to file a traverse and response to the motion to dismiss, motion for equal representation of counsel, and motion for estoppel (Doc. 11), and respondent's reply to petitioner's motions.

Having reviewed the record, the court grants petitioner's unopposed request for additional time to file a traverse and response to respondent's motion to dismiss.

The court denies petitioner's motion for equal representation of counsel. There is no constitutional right to appointed counsel in federal habeas corpus proceedings, <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987), and petitioner identifies no authority that

requires appointment of private or military counsel in this matter notwithstanding the fact that respondent is represented by counsel in this civil action.  The appointment of counsel in a federal habeas corpus proceeding is within the discretion of the court. *See* Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden, 23 F.3d 332 (10th Cir. 1994)(no constitutional right to counsel beyond appeal of criminal conviction; appointment of counsel in habeas corpus proceeding is left to court's discretion).  Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, *see* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel), the court finds appointment of counsel in this matter is not warranted. Petitioner's related request to bar legal assistance to respondent by attorneys in the United States Air Force General Litigation Division is denied, as is petitioner's request to strike the answer and return filed by respondent.

   The court also denies petitioner motion for estoppel. Petitioner seeks a court order barring his transfer to another prison facility while his federal habeas action is pending before this court.  Respondents indicate no such transfer is being considered, thus petitioner's concerns are premature. Additionally, petitioner's request is contrary to recognized legal authority allowing for petitioner's transfer from USDB to another correctional facility without prior approval by this court.  *See* Olim v. Wakinekona, 461 U.S. 238 (1983)(prisoner has no justifiable

expectation to be incarcerated in any particular facility or in any particular state). Such transfers are in the discretion of petitioner's custodian. <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976); <u>Montz v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000).

IT IS THEREFORE ORDERED that petitioner's motion for an extension of time (Doc. 11) is granted, and that petitioner is granted to and including August 1, 2006, to file a traverse and response to respondent's motion to dismiss.

IT IS FURTHER ORDERED that petitioner's motion for equal representation of counsel (Doc. 11), and motion for estoppel (Doc. 11) are denied.

DATED: This 29th day of June 2006, at Topeka, Kansas.

 s/ Richard D. Rogers  
 RICHARD D. ROGERS  
 United States District Judge