IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARYL A. HAMMER,

       Petitioner,

   v.           CASE NO. 06-3086-RDR

USDB COMMANDANT HARRISON,

       Respondent.

**O R D E R**

  Petitioner, a prisoner confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which includes respondent's answer and return and petitioner's traverse, the court finds this matter is ready for decision.

  *Procedural Background*

  Petitioner was convicted by a general court-martial before a single judge on charges of possessing of child pornography, rape, indecent liberties, and indecent exposure. Pursuant to a pretrial agreement he pled guilty to possession of three or more images of child pornography. As to one victim he pled not guilty to the rape of a person under sixteen years of age, but pled guilty to the lesser included offense of taking indecent liberties with the child. As to the second victim he pled not guilty to offenses of indecent liberties and indecent exposure. The military judge found petitioner guilty of all charges and specifications, and sentenced petitioner in accord with the pretrial agreement to eighteen years

of confinement, a dishonorable discharged, and a reduction in grade to E-1.  The convening authority approved the sentence, and the United States Air Force Court of Criminal Appeals (CCA) affirmed petitioner's conviction and sentence.[1]

The Court of Appeals for the Armed Forces (CAAF) set aside that CCA decision and ordered the military judge to conduct a limited evidentiary hearing to address specific questions concerning petitioner's claims of ineffective assistance of counsel by his civilian and military trial defense counsel.  After the military judge addressed and answered the CAAF questions, the case returned to the CCA for further review.  The CCA again affirmed the findings and sentence of petitioner with one exception.  U.S. v. Hammer, 60 M.J. 810 (2004).  In light of Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), and United State v. O'Connor, 58 M.J. 450 (C.A.A.F. 2003), the CCA did not affirm petitioner's conviction for possession of child pornography, but determined petitioner's plea was provident to the lesser included offense of discrediting the service.[2]  Hammer, 60 M.J. at 827.  The CAAF granted review and summarily

---

[1] *See* U.S. v. Hammer, 2002 WL 341058 (A.F.Ct.Crim.App. February 25, 2002)(unpublished opinion).

[2] Petitioner was initially charged with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(A), punishable under clause 3 in Article 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 834, as conduct constituting a non-capital crime or offense.  Conduct discrediting the armed forces is punishable under clause 2 in that same Article. *See* United States v. O'Connor, 58 M.J. 450 (C.C.A. 2003)("Conduct is punishable under Article 134 if it prejudices 'good order and discipline in the armed forces' [clause 1], if it is 'of a nature to bring discredit upon the armed forces' [clause 2], or it if is a crime or offense not capital [clause 3].  The three clauses do not create separate offenses, but rather provide alternative ways of proving the criminal nature of the charged misconduct.")(*quoting* United States v. Sapp, 53 M.J. 90, 92 (C.A.A.F. 2002)).

affirmed the CCA's decision.[3]  Petitioner then filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241.

*Standard of Review*

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  However, it is well established that a United States District Court has limited authority to review court-martial proceedings for such error.  Instead, this court's scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts.  Burns v. Wilson, 346 U.S. 137, 143 (1953); Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994).  If the issues have been given full and fair consideration in the military courts, this court should not reach the merits and should deny the petition. Lips, 997 F.2d at 810.  When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to a federal court to grant the writ by reassessing the evidentiary determinations.  Burns, 346 U.S. at 142.

An issue is deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter.  Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986).  The fact that the military court did not specifically address the issue in a written opinion is not controlling.  Lips,

---

[3] 62 M.J. 390 (C.C.A.F. December 14, 2005).

997 F.2d at 821, n.2. If an issue was raised before the military courts, the following factors are considered to help determine whether the issue was given full and fair consideration by the military tribunals: (1) whether the asserted error was of substantial constitutional dimension; (2) whether the alleged error involved issues of law rather than of disputed fact already determined by the military tribunal; (3) whether military considerations warrant different treatment of constitutional claims; and (4) whether the military courts gave adequate consideration to the issues involved and applied proper legal standards. Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir. 1990)(adopting factors identified by Fifth Circuit in Calley v. California, 519 F.2d 184, 199-203 (5th Cir. 1975)). *See also* Lips, 997 F.2d at 811 (federal district court's review of military conviction is appropriate only if Dodson-Calley conditions are met); Roberts v. Callahan, 321 F.3d 994, 997 (10th Cir.)(reviewing four part test applied in Dodson-Calley to determine full and fair consideration), *cert. denied*, 540 U.S. 973 (2003). If the military courts have fully and fairly reviewed the military prisoner's claims, the federal civil courts cannot review them. Ackerman v. Novak, 483 F.3d 647 (10th Cir. 2007).

## DISCUSSION

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds. He first claims the military judge's acceptance of petitioner's plea of guilty to possessing child pornography violated public policy because there was no proof the images downloaded on petitioner's computers were females under the age of eighteen, an essential element of that criminal offense.

4

Second, petitioner claims he was denied the full, appropriate, and impartial appellate review required under UCMJ Article 66 because the CCA was biased against petitioner's allegations of ineffective assistance of counsel.[4]  Third, petitioner claims insufficient competent and legal evidence supports his convictions.  Fourth, he claims he was denied his constitutional right to effective assistance of defense counsel.  And fifth, he alleges cumulative error and the totality of the circumstances resulted in a wrongful verdict.[5]

Having carefully examined the record and materials submitted by the parties, the court finds the military courts fully examined all of petitioner's claims and applied appropriate legal standards. Accordingly, no relief under 28 U.S.C. § 2241 on any of petitioner's claims is available.

More particularly, petitioner's first and third claims entitle him to no relief where the military courts independently determined the evidence was sufficient to find petitioner guilty on all charges, and determined petitioner's plea was provident to the

---

[4]Article 66(c), 10 U.S.C. § 866(c) reads:
"[T]he Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses."

[5]In his habeas application, petitioner also claimed he was denied his right to testify during the sentencing hearing, but later withdrew that claim. *See* Traverse, Doc. 14, p. 29.

lesser charge of conduct discrediting the service.[6] These determinations are supported by the record and were fully consistent with petitioner's constitutional rights. *See* Jackson v. Virginia, 443 U.S. 307 (1979)(both direct and circumstantial evidence is to be examined in the light most favorable to the state to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt). To the extent petitioner continues to allege constitutional error in his conviction for rape, any such error was rendered moot by that conviction being vacated by the CCA. Although petitioner characterizes the evidence against him as incompetent, controverted, and unreliable, this court will not reweigh the evidence or reassess the credibility of witnesses. Burns, 346 U.S. at 142.

Nor is petitioner entitled to relief on his second and fourth claims regarding the military courts' review of petitioner's allegations of ineffective assistance of defense counsel.[7] The military tribunals clearly examined in detail petitioner's allegations of error in defense counsels' performance. Although petitioner cites language in the CCA's 2004 decision as "scolding,"[8] and as evidence of that court's intent to deny adequate review of

---

[6]Petitioner raised this issue in his 2005 supplemental brief to the CAAF.

[7]Accordingly, petitioner's fifth claim of cumulative error denying him a fundamentally fair trial warrants no further discussion.

[8]The CCA opinion reads in part:
"The appellant has launched an all-out assault on every aspect of defense counsel's performance in his quest to find error in what is an otherwise straightfoward mixed plea, judge-alone case with a favorable [pretrial agreement]." Hammer, 60 M.J. at 819 (citations omitted).

6

petitioner's allegations as required by Article 66, the CAAF's summarily denial of relief on this claim constituted full and fair consideration of this issue.

## Conclusion

The court thus concludes the petition should be dismissed because the military courts fully and fairly reviewed all issues asserted by petitioner and applied appropriate constitutional standards.  Accordingly, no relief under 28 U.S.C. § 2241 on any of petitioner's claims is available.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

DATED:  This 23rd day of January 2009, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge